IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOSEPH WAYNE WARDLE                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 2:06cv6-KS-MTP

ENSCO OFFSHORE COMPANY                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Defendant's motion to dismiss with prejudice for lack of prosecution [# **21**]. Because the Plaintiff has obviously abandoned his claims against the Defendant, the motion to dismiss with prejudice is **granted**.

FACTUAL BACKGROUND

Joseph Wayne Wardle ("Plaintiff") filed his complaint against Ensco Offshore Company ("Defendant") on January 9, 2006. Shortly after the Defendant answered, the Plaintiff's attorney moved to withdraw. On October 30, 2006, Magistrate Judge Michael T. Parker entered an order granting the motion to withdraw as counsel and permitting the plaintiff to continue *pro se*. The plaintiff was ordered to inform the court by November 30, 2006, whether he intended to hire new counsel or if he would proceed *pro se*. The Plaintiff never responded.

Shortly after the October 30, 2006 order was issued, the Defendant sent written interrogatories and requests for production of documents to the Plaintiff. The Plaintiff never responded.

1

Between April and June of 2007, the Defendant made numerous attempts to contact the Plaintiff by telephone, and spoke with several different individuals identifying themselves as relatives of the Plaintiff.  During each call, the relative indicated that they would give the message to the Plaintiff and that the Plaintiff would respond by telephone.  The Plaintiff never responded.

On June 14, 2007, the Defendant tried to contact the Plaintiff through a certified letter to obtain discovery material and to determine if the Plaintiff intended to continue the lawsuit.  The Plaintiff never responded.

On July 20, 2007, the Defendant filed a motion to compel discovery and to enforce the case management order.  Magistrate Judge Michael T. Parker granted the motion and entered an order requiring the Plaintiff to respond on or before August 10, 2007, to schedule a deposition.  The order also warned the Plaintiff that a failure to respond would result in dismissal of his action.  The Plaintiff never responded.

On August 14, 2007, the Defendant filed the instant motion to dismiss for lack of prosecution and failure to comply with discovery requests.  Despite having 10 days from which to respond to that motion, the Plaintiff never responded.

On August 16, 2007, the Plaintiff was required to appear before this Court to participate in a final pretrial conference.  The Plaintiff never responded, failing to appear and making no attempt to contact the Court and reschedule the conference for a more convenient time.

On August 17, 2007, this Court issued an order for the Plaintiff to show cause within five days why he failed to appear for the pretrial conference and again warning him that a failure to respond would result in dismissal of his complaint.  The Plaintiff never responded.

The Plaintiff has now failed to comply with virtually every order issued from this Court, and has not been heard from in any respect for almost a year.  It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

STANDARD AND ANALYSIS

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, as well as the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  This power exists to permit district courts to make an orderly and expeditious disposition of their cases. *Munday/Elkins Auto. Partners Ltd. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A dismissal with prejudice for failure to prosecute is only proper when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Tello v. C.I.R.*, 410 F.3d 743, 744 (5th Cir. 2005).  A clear record of delay is present when there have been "significant periods of total inactivity." *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984). In dismissing a case with prejudice, the court should also find additional aggravating factors, including a "delay caused by the plaintiff" and not his attorney, an "actual prejudice to the defendant," or a "delay [that was] a result of intentional conduct." *Stearman v. C.I.R.*, 436 F.3d 533, 535 (5th Cir. 2006).

Dismissal with prejudice is proper here because the Plaintiff "had a full opportunity during the pendency of the suit to state and develop his legal claims but did not do so."

3

*Billingsley v. Howard*, 196 Fed. Appx. 258, 259 (5th Cir. 2006).[1]  For the course of almost a year, the Plaintiff in this action has ignored every single inquiry from the Defendant and every order issued from this Court.  Parties have a duty to inquire periodically into the status of their litigation, and to respond to directives from the court. *See Wright v. Robinson*, 113 Fed. Appx. 12, 16 (5th Cir. 2004).

The Court has twice warned the Plaintiff that his complaint would be dismissed if he failed to respond, and those warnings constitute independent sanctions against him for dismissal purposes. *See Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1985). Despite these warnings, the Plaintiff has continued to elude contact with either the Defendant or this Court.  The Plaintiff's unwillingness to communicate with either the Defendant or the Court make it appear that any additional sanction short of dismissal with prejudice will be futile. *See In re Wood,* 199 Fed. Appx. 328, 334 (5th Cir. 2006) (describing the duty of the district court to "consider whether lesser sanctions might be appropriate" prior to dismissal with prejudice).[2]  The Plaintiff's uninterrupted silence in the face of this Court's repeated attempts to expedite this litigation force the Court to conclude that he has abandoned his case, making dismissal with

---

[1] The Defendant in this case argues that because it has received absolutely no discovery material from the Plaintiff, it cannot possibly defend itself at the scheduled trial, and would be prejudiced by the continuation of the suit.

[2] The Fifth Circuit has offered numerous examples of lesser sanctions that could be imposed short of dismissal with prejudice, including "assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Rogers v. Kroger Co.*, 668 F.2d 317, 321 (5th Cir. 1982).  Each of these are "sanctions that may be used to safeguard a court's undoubted right to control its docket." *Id.* This Court has previously applied lesser sanctions, and concludes that additional sanctions short of dismissal with prejudice would be improper.  With absolutely no communication from the Plaintiff for almost a year, the Court sees little value in continuing to burden the Defendant in maintaining a defense to this action with a conditional dismissal.  Moreover, there is no acting attorney to sanction, and sanctions levied against the Plaintiff would almost certainly be met with the same silence as every prior order of this Court.  As such, the Court finds that the only remedy that will permit it to control its docket in this action is dismissal with prejudice.

prejudice the proper remedy. *See Oviedo v. Lowe's Home Improvement, Inc*., 184 Fed. Appx. 411, 412-13 (5th Cir. 2006) (upholding dismissal with prejudice when *pro se* plaintiff was "entirely uncooperative with the discovery process for a period of about five months"); *Smilde v. Snow*, 73 Fed. Appx. 24, 24 (5th Cir. 2003) (the plaintiff's "continuous delay and refusal to follow court orders sufficiently shows contumacious conduct" that warrants dismissal with prejudice).

## **CONCLUSION**

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant's motion to dismiss with prejudice for lack of prosecution [# **21**] is granted. A separate judgment in conformity with Fed. R. Civ. P. 58 will follow.

SO ORDERED AND ADJUDGED this 28th day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE